# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0393, <u>Route One Realty Trust v. Joseph Webster</u>, the court on February 11, 2016, issued the following order:**

Having considered the defendant's brief, the plaintiff's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The tenant, Joseph Webster, appeals an order of the Circuit Court (<u>DeVries</u>, J.), following a hearing, awarding judgment to the landlord, Route One Realty Trust, on its eviction action for failure to pay rent under a lease for commercial property. <u>See</u> RSA 540:2-:5, :12 (2007 & Supp. 2015). He argues that: (1) the eviction notice was defective; (2) the trial court failed to consider his counterclaims; and (3) the landlord's affidavit of damages was defective.

We first address whether the eviction notice was defective. RSA 540:3, I, provides that "[i]f a nonresidential tenant neglects or refuses to pay rent due and in arrears, upon demand, 7 days' notice shall be sufficient . . . ." For purposes of calculating the required notice period under RSA 540:3, the date that the notice is served is not included; the last day of the period is included unless it falls on a Saturday, Sunday, or legal holiday. RSA 21:35 (2012); <u>see also</u> <u>Dist. Div. R.</u> 1.1A; <u>Darbouze v. Champney</u>, 160 N.H. 695, 699 (2010).

In this case, the tenant argues that the eviction notice was defective because it provided him less than seven days in which to vacate the property. He raises this issue as plain error. <u>See</u> <u>Sup. Ct. R.</u> 16-A. The record establishes that the landlord served the tenant, in hand, with the notice on April 16, 2015, and that the notice required the tenant to vacate the property on or before April 23, 2015. If April 16, 2015, the date of service, is not included in calculating the notice period under RSA 540:3, seven days from April 16, 2015 was April 23, 2015. We take judicial notice that April 23, 2015, was neither a Saturday, a Sunday, nor a legal holiday. <u>See</u> <u>N.H. R. Ev.</u> 201(a). Accordingly, there was no error, plain or otherwise, in the amount of notice provided in the eviction notice. <u>See</u> <u>Darbouze</u>, 160 N.H. at 699.

We next address whether the trial court erred by not considering the tenant's counterclaims. RSA 540:13, III (2007), provides that a landlord, in a possessory action, shall have the opportunity to make a claim for unpaid rent. If the landlord elects to claim unpaid rent, however, the trial court is required to "consider any defense, claim, or counterclaim by the tenant which offsets or

reduces the amount owed" in unpaid rent. Id. A tenant is required to plead any counterclaim offsetting a landlord's claim for unpaid rent on or before the return day specified in the landlord-tenant writ. Dist. Div. R. 5.5(B).

In this case, the landlord sought damages for unpaid rent. At the hearing, the tenant asserted that he had expended $25,000 to improve and repair the property, that further repairs were required, and that the landlord had disrupted his business. On appeal, the tenant argues that he was entitled to have the trial court consider his claims for business disruption and repairs, which he asserts exceeded the unpaid rent sought by the landlord.

The landlord counters that the tenant never filed any counterclaims in this case pursuant to District Division Rule 5.5(B). The tenant has not contested this assertion. Nor has he provided any pleading that he filed in the trial court in which he asserted a counterclaim. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (appealing party bears burden to provide those portions of the record that are necessary to decide the issues on appeal). Indeed, at the hearing, after the tenant explained that he had stopped paying rent following the landlord's service of an earlier eviction notice because his "plan was to come here," the trial court responded, "But you didn't do anything to come here. You didn't initiate an action in some other way, a contract issue under the 548 petition, you are just answering to this one, right?" The tenant replied, "Right. Where I thought it would be heard." Accordingly, even if we were to assume that the trial court did not "consider" the tenant's counterclaims, because the record does not establish that he properly pleaded any counterclaims, the trial court did not err. See Morancy v. Morancy, 134 N.H. 493, 497-98 (1991) (reversing damages award because the claim on which it was based had not been properly pleaded).

Finally, we address the tenant's argument that the landlord's affidavit of damages was defective. The evidence establishes that, pursuant to the parties' lease, the tenant owed rent of $1,900 on the fifteenth of each month. On February 15, 2015, he tendered a check in the amount of $1,900. However, after the landlord served an eviction notice citing "other good cause" for the eviction, see RSA 540:2, II(e), the tenant stopped payment on the February 15 check. Subsequently, he failed to pay rent for March or April 2015. On April 16, 2015, the landlord served a demand that the tenant pay a rental arrearage of $5,700, and an eviction notice providing him until April 23, 2015 to avoid the eviction by paying the demanded rent, see RSA 540:9 (2007). On April 25, 2015, the tenant tendered a check for $1,900, which the landlord refused to negotiate, purporting to cover the March rent. The trial court awarded the landlord the statutory limit of $1,500, see RSA 540:13, III, plus costs of $125.

The tenant argues that the affidavit of damages, in which he asserts that the landlord claimed $5,700 in unpaid rent, was defective because he had paid rent for February and March; thus, he contends that "the total should have

2

been $1,900.00 less than the amount stated" in the affidavit. He further argues that the affidavit "was improperly certified and had the wrong due date." The tenant has not, however, provided a copy of the affidavit on appeal. Accordingly, it is not possible to review his arguments concerning the alleged defects. See Bean, 151 N.H. at 250. Moreover, the record does not establish that the tenant "paid" rent for February and March; rather, it establishes that he tendered checks for those months, but subsequently stopped payment on the February check, and tendered the March check, which the landlord refused to negotiate, only after the statutory deadline to pay the arrearage had passed. Finally, we note that the trial court awarded the statutory limit of $1,500, an amount less than the amount that the tenant implicitly concedes the landlord was entitled to claim in the affidavit. Thus, the tenant has not shown how he was harmed by the purported defects in the affidavit. See Kessler v. Gleich, 156 N.H. 488, 494 (2007).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, and Lynn, JJ., concurred.

**Eileen Fox,
Clerk**

3